UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AARON ISAAC-MARCUS SALAZAR,

Plaintiff,

Case No. 3:26-cv-308

vs.

CHEWY, INC.,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendant.

---

**ORDER: (1) GRANTING THE PARTIES' JOINT STIPULATION TO SUBMIT CLAIMS TO ARBITRATION AND REQUEST TO STAY THIS CASE (Doc. No. 3); (2) STAYING THIS CASE PENDING ARBITRATION; (3) REQUIRING THE PARTIES TO FILE JOINT STATUS REPORTS EVERY NINETY (90) DAYS AND WITHIN FOURTEEN (14) DAYS OF THE ARBITRATION'S CONCLUSION; (4) DIRECTING THE CLERK OF COURT TO ADMINISTRATIVELY CLOSE THIS CASE; (5) ADVISING PLAINTIFF THAT, IF HE DESIRES TO CONTINUE WITH THIS CASE AFTER ARBITRATION, HE MUST REQUEST THE STAY TO BE LIFTED WITHIN THIRTY (30) DAYS OF THE ARBITRATION'S CONCLUSION**

---

In this civil case, Plaintiff alleges, through counsel, that his former employer, Defendant Chewy, Inc., discriminated against him on the basis of race and/or national origin in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Doc. No. 1. This case is before the Court upon the parties' joint stipulation to submit claims to arbitration and request to stay the proceedings. Doc. No. 3.

For good cause shown, the Court **GRANTS** the parties' request. Further proceedings in this case are **STAYED** pending the results of the arbitration. The parties are **ORDERED** to keep the Court appraised of any updates to the case by filing joint status reports every **NINETY (90) DAYS** and also within **FOURTEEN (14) DAYS** of the arbitration's conclusion. The Court also

**DIRECTS** the Clerk of Court to administratively close this case.[1] Plaintiff is **ADVISED** that, if he desires to continue with this case after arbitration, he must request the stay to be lifted within **THIRTY (30) DAYS** of the arbitration's conclusion.

Finally, no appeal is presently available in this case because this Order is not a final appealable order. *See* 28 U.S.C. § 1291; *cf. Sultaana v. Jerman*, No. 1:15-cv-382, 2020 WL 13889761, at *5 (N.D. Ohio Jan. 7, 2020) (quoting *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir. 1988) ("An appeal is possible in the absence of [a Rule 58 final judgment] only if the district court has clearly disposed of all pending matters")).

**IT IS SO ORDERED.**

October 23, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge

[1] This administrative closing of the case is for statistical purposes only and does not affect Plaintiff's right to request that the stay be lifted as directed above.